# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| **ALICE D. LACEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 6:11-CV-1262-VEH** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **COMMISSIONER,** | ) | |
| **SOCIAL SECURITY** | ) | |
| **ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Alice D. Lacey (hereinafter "Ms. Lacey") brings this action pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.  She seeks review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner" or "Secretary"), which denied her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").[1] Ms. Lacey timely pursued and exhausted her administrative remedies available before

---

[1] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.  In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits ("DIB") or Supplemental Security Income ("SSI").  However, separate, parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations of statutes or regulations found in quoted court decisions.

the Commissioner.  The case is ripe for review pursuant to 42 U.S.C. § 405(g), §

205(g) of the Social Security Act.

## FACTUAL AND PROCEDURAL HISTORY

Ms. Lacey was a 35-year-old female at the time of her hearing before the

administrative law judge (hereinafter "ALJ"). (Tr. 40).   She has an 8th grade

education. (Tr. 44).  She began the 9th grade but did not complete the year. *Id.*  Her

past work experiences include employment as a stainer, a fast foods worker, and a

wax machine operator. (Tr. 51).  Ms. Lacey claims she became disabled on April 21,

2008,[2] due to sickle cell anemia, problems with her fingers, headaches (migraines),

hypertension, and mild asthma. (Tr. 16).

Ms. Lacey filed her application for a period of disability and DIB on April 21,

2008. (Tr. 14).  She also filed a Title XVI application for SSI on April 21, 2009. *Id.*

The claim was denied by the  Commissioner on July 21, 2008. *Id.*  Ms. Lacey filed

a timely written request for a hearing on July 24, 2008. *Id.*  The hearing was held on

December 8, 2009. *Id.*  The ALJ concluded that Ms. Lacey was not disabled and

denied her application on January 25, 2010. (Tr. 22).

Ms. Lacey filed a complaint on April 12, 2011,which asks this court to review

---

[2]This date was amended at the hearing. Ms. Lacey originally alleged disability back to
August 15, 2007.

the ALJ's decision. (Doc. 1, at 2).  This court has carefully considered the record and affirms the decision of the ALJ.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id*.  Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*.  Factual findings that are supported by substantial evidence must be upheld by the court.  The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied.  *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal

analysis has been conducted, the ALJ's decision must be reversed.  *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-46 (11th Cir. 1991).

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3]  The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  20 C.F.R. § 404.1505(a).  To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(i-v).  The Commissioner must determine in sequence:

---

[3]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, as current through February 16, 2012.

(1)    whether the claimant is currently employed;

(2)    whether the claimant has a severe impairment;

(3)    whether the claimant's impairment meets or equals an impairment listed by the Secretary;

(4)    whether the claimant can perform her past work; and

(5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job."  *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner must further show that such work exists in the national economy in significant numbers.  *Id*.

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found that Ms. Lacey has not engaged in substantial gainful activity since the alleged onset of her disability on April 21, 2008. (Tr. 16).  He also found that Ms. Lacey's headaches, hypertension, and mild asthma are considered "severe"

based on the requirements in Regulations 20 C.F.R. § 404.1520(c) and § 416.920(c).

*Id.* The ALJ then held that Ms. Lacey does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, of the Social Security Regulations. (Tr. 18).

The ALJ concluded that Ms. Lacey's impairments prevent her from performing her past relevant work. (Tr. 20). The ALJ determined that Ms. Lacey has the residual functioning capacity to do the following:

> [P]erform a range of light work, occasionally lift and carry 50 pounds with both hands and frequently lift/carry 20 pounds with both hands; sit 1 hour and 6 hours in an 8-hour workday, stand 1 hour and 6 hours in an 8-hour workday, and walk around the block; and should avoid exposure to dust and respiratory irritants, and be in a climate controlled environment.

(Tr. 18-19). The vocational expert (hereinafter "VE") testified that Ms. Lacey's past work experience as a stainer and fast food cook is characterized by the Dictionary of Occupational Titles[4] as "light exertional level, unskilled work." (Tr. 51). The VE also testified that Ms. Lacey's past work experience as a wax machine operator is characterized by the DOT as "light exertional level, low-end, semi-skilled work." The ALJ then considered Ms. Lacey's residual functional capacity, age, education,

---

[4]The Dictionary of Occupational Titles provides different examples of work activities that fall within the residual functioning capacity for light work. (Washington, D.C.: U.S. Dept. Of Labor, Employment and Training Administration: U.S. G.P.O., 1993). Available online at: http://www.occupationalinfo.org.

and work experience under the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (hereinafter "grids"). (Tr. 21).

In reliance on the grids, the ALJ concluded that Ms. Lacey was not under a disability at any time through the date of the ALJ's decision and therefore was not eligible for DIB under §§ 216(i) and 223(d) of the Social Security Act. Further, based on her application for SSI, Ms. Lacey was not disabled under § 1614(a)(3)(A) of the Social Security Act. (Tr. 22).

## ANALYSIS

This court can reverse a finding of the Commissioner if it is not supported by substantial evidence. 42 U.S.C. § 405(g). In fact, this court has a "responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[5] Ms. Lacey asserts that the ALJ's decision lacked substantial evidence to support a denial of benefits and that the ALJ applied improper legal standards. (Doc. 9 at10). This court has carefully considered the record and affirms the decision of the Commissioner.

---

[5]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

I.    **Substantial Evidence Supports The ALJ's Conclusion That Ms. Lacey Is Not Disabled.**

Ms. Lacey argues that the ALJ's determination is not supported by substantial evidence because the ALJ (1) erred by failing to fully develop the record (Doc. 9 at 8), and (2) failed to consider all of her impairments in combination. *Id.*  This court finds that the ALJ's decision that Ms. Lacey was not disabled is supported by substantial evidence.

A.    **The ALJ Fully And Fairly Developed The Record.**

When considering whether the ALJ fully and fairly developed the record "[t]here must be a clear showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997).  To determine whether remand is appropriate, this court considers "whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982) (quoting *Ware v. Schweiker*, 651 F.2d 408, 413 (5th Cir. 1981)), *cert denied*, 455 U.S. 912.  An ALJ does have the "basic obligation to develop a full and fair record." *See Ellison v. Barnhart*, 335 F.3d 1272, 1276 (11th Cir. 2003); *Graham*, 129 F.3d at 1422.

Ms. Lacey's argument springs from the fact that the ALJ put great weight on

the consultative examination testimony by Dr. Atkinson in which he found Ms. Lacey to be "mentally ill but not mentally retarded." (Tr. 331). The claimant claims that "[i]f there is a mental illness in this file the ALJ needed to go further and perhaps get some information regarding that impairment because it is the ALJ's duty to develop the record both for and against awarding of benefits." (Doc. 9 at 8).

With regard to any mental illness suggested by Dr. Atkinson's examination, the ALJ did consider evidence in the record regarding that impairment. Specifically, the ALJ addressed Dr. Atkinson's determination that Ms. Lacey displayed adjustment disorder with depression but also malingering. Ms. Lacey had a GAF[6] score of 70, indicating her symptoms were only mild. (Tr. 17-18, 331). The ALJ pointed out that ER records consistently report that the claimant has no emotional or behavioral disorder. (Tr. 18, 285, 292, 301). Additionally, Dr. Kerr (Tr. 364-367) and Dr. Grace (Tr. 357-360) did not note any significant psychological symptoms at the time of Ms. Lacey's examinations or in her medical history. The ALJ also took into account Dr. Laughlin's diagnosis of Ms. Lacey as suffering with chronic depression/anxiety, but

---

[6]The GAF Scale (Axis V of the Multiaxial Assessment) "is for reporting the clinician's judgment of the individual's overall level of functioning. This information is useful in planning treatment and measuring its impact, and in predicting outcome...the GAF scale is divided into 10 ranges of functioning. Making a GAF rating involves picking a single value that best reflects the individual's overall level of functioning...In most instances, ratings on the GAF Scale should be for the current period..." *Diagnostic and Statistical Manual of Mental Disorders*, American Psychiatric Association, 32-3 (4th ed. text revision, 2000) (DSM-IV-TR).

with medication noncompliance. (Tr.17).

The ALJ also gave great weight to Dr. Atkinson's opinion as it was fully supported by the record. (Tr. 18).  Dr. Atkinson reported that Ms. Lacey's daily activities include cleaning, playing with her children, house chores, routine hygiene, and preparing quick meals for the family. (Tr. 330).  In Dr. Atkinson's judgment, Ms. Lacey has self care within the normal range, can manage her own funds, and has sufficient judgment to make acceptable work decisions, all indications of normal functioning and minimal limitations. (Tr. 332).  All of Dr. Atkinson's determinations were supported by the record. (Tr. 52-53, 67-68, 213-217, 232-235).

From all this evidence, the ALJ determined that Ms. Lacey did not have a severe impairment with regard to her mental illness. (Tr. 18).  Further, Ms. Lacey failed to present any evidence from a treating, examining, or non-examining source that assessed limitations beyond those the ALJ found.[7]  With no evidence of a contradictory medical report, the ALJ's reliance on Dr. Atkinson's opinion was proper and the ALJ met his duty to fully and fairly develop the record.

---

[7]*See Guadagno v. Astrue*, No. 5:06-CV-4854-VEH (Doc. 11 at 12) (N.D. Ala. Jul. 31, 2007).

**B.   The ALJ Considered The Combined Effects of Ms. Lacey's Impairments**[8]

Although not explicit, Ms. Lacey alludes to dissatisfaction with whether the ALJ considered the combined effects of all her impairments when disability was determined. (Doc. 9 at 9).  The ALJ is required to "consider the combined effects of a claimant's impairments in determining whether she is disabled." *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).  Furthermore, where a plaintiff experiences multiple impairments, the ailments in conjunction may result in a claim even if none of the impairments standing alone would cause disability. *Hudson v. Heckler*, 755 F.2d 781, 785 (11th Cir. 1985).

In this case, the ALJ explicitly noted his obligation to consider Ms. Lacey's combination of impairments. (Tr. 15).  The ALJ considered all the impairments and held that the claimant did not have an impairment or combination of impairments that meets or medically equals a listed impairment. (Tr. 18).  Based on all of Ms. Lacey's impairments, the ALJ determined her residual functional capacity to be the following:

> [T]he claimant has the residual functional capacity to perform a range of light work, occasionally lift and carry 50 pounds with both hands and frequently lift/carry 20 pounds with both hands; sit 1 hour and 6 hours in an 8-hour workday, stand 1 hour and 6 hours in an 8-hour workday, and walk around the block; and should avoid exposure to dust and respiratory irritants, and be in a

---

[8] The following analysis and disposition flow from the undersigned's opinion in *Richardson v. Astrue*, No. 2:10-CV-2296-VEH (Doc. 11 at 23-25) (N.D. Ala. Jun. 21, 2011).

climate controlled environment.

(Tr. 18-19).

In making this finding, the ALJ specifically discussed all the relevant evidence relating to Ms. Lacey's impairments including objective medical evidence, medical history, treatment notes, opinion evidence, and Ms. Lacey's subjective complaints. (Tr. 16-18, 19-20). When analyzing subjective complaints, it is within the ALJ's discretion as fact-finder to evaluate and make findings regarding the plaintiff's credibility as part of his residual functional capacity determination. *See* 20 C.F.R. §§ 404.1545 and 404. 1546.

The ALJ found Ms. Lacey's statements concerning intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with the RFC finding determined from evidence in the record. (Tr. 19). More specifically, the ALJ pointed to the fact that the claimant has not been compliant with her medication. *Id.* The ALJ further reasoned that if Ms. Lacey would take the medication prescribed, the record shows her blood pressure would be within the normal range, headaches and dizziness would subside, and any resulting impairment like ankle swelling would be minimal. (Tr. 20). Nowhere in the record does Ms. Lacey allege poverty or otherwise explain her noncompliance. Additionally, the ALJ noted that Ms. Lacey's subjective complaints are inconsistent

12

with the examinations by her physicians. *Id.*  Therefore, this court finds substantial evidence to support the ALJ's credibility finding.[9]

The conclusion that the ALJ properly considered the combined effects of Ms. Lacey's impairments is also clear from the testimony of the VE at the hearing.  The ALJ is required to pose a hypothetical that encompasses all of the plaintiff's impairments. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).  At the hearing, the ALJ posed a hypothetical to the VE that accurately reflected Ms. Lacey's age, education, work experience, and physical and mental impairments consistent with the residual functional capacity previously mentioned. (Tr. 66-67).  Furthermore, the ALJ took into account Ms. Lacey's asthma by specifically restricting exposure to respiratory irritants. (Tr. 67).  The VE stated there would be a wide range of light exertional level work for a person with the characteristics described in the hypothetical. *Id.*  Therefore, the ALJ's conclusion based on the VE's testimony was supported by substantial evidence.

## II.   The ALJ Applied The Proper Legal Standard As Set Forth In 20 C.F.R. § 404.1520(a)(4)

Ms. Lacey also claims the ALJ failed to apply the correct legal standards when reaching his decision. (Doc. 9 at 10).  The proper legal standard for determining

---

[9]*See Foote*, 67 F.3d at 1562 ("A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court.").

whether a claimant is disabled is set forth above in this opinion. (*See* Statutory and Regulatory Framework, 20 C.F.R. 404.1520(a)(4)(i-v) five step process).

Ms. Lacey began her argument by quoting the final remarks of the ALJ regarding why he believes Ms. Lacey lacks incentive to work. (Tr. 22).  Ms. Lacey claims that the ALJ "is making some assumptions that he is not qualified to make." (Doc. 9 at 7).  It is true that Social Security proceedings are to be "inquisitorial rather than adversarial" and that the ALJ must "investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111 (2000).  The plaintiff seems to suggest that the ALJ's comments show he was biased in determining lack of disability.  Yet, as shown in the previous sections, the ALJ did fully and fairly develop the record and, taking all evidence into account,  did use all the evidence of record to determine that Ms. Lacey was not disabled.  Since there is abundant evidence supporting the ALJ's determination, it is clear this passing, unnecessary afterthought had no bearing on the ALJ's conclusion as to disability. Furthermore, to the extent it was a factor, such an error was harmless. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (held erroneous findings of fact amounted to harmless error when the correct legal standard was applied).

When proceeding through the five step analysis, the ALJ first found that Ms. Lacey was not employed, satisfying the first element. (Tr. 16).  The ALJ found that

Ms. Lacey satisfied the second step since she has the severe impairments of headaches, hypertension, and mild asthma. *Id.* Then, the ALJ determined that these severe impairments neither meet nor medically equal one of the listed impairments.[10] (Tr. 18). Since step three was not satisfied, the ALJ had to continue to steps four and five. The ALJ next determined Ms. Lacey was incapable of performing any of her past relevant work activities, satisfying step four. (Tr. 20). Finally, the ALJ determined the plaintiff's residual functional capacity and found her capable of performing work in the national economy. (Tr. 21). He based his decision, in part, on the testimony of the VE that the jobs of packaging-line worker, small products assembler, and sub assembler of electronic components were all available and within Ms. Lacey's residual functional capacity. (Tr. 67). This court finds that the ALJ properly used the standard set forth in 20 C.F.R. § 404.1520(a)(4) to determine Ms.

---

[10]Ms. Lacey points out that new evidence, school records, came in after the hearing and were submitted at the Appeals Council Level. (Doc. 9 at 8). The plaintiff agrees the ALJ already knew Ms. Lacey was in special education classes in school. *Id.* Since the ALJ accepted the fact that Ms. Lacey was in special education classes, this new evidence is inconsequential as it is cumulative information and therefore not material. *See Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986) (For remand due to new evidence, "[C]laimant must estabish that: (1) there is new noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level."). Additionally, for the first time in her brief, the plaintiff alleges that evidence of mild mental retardation brings up the possibility that she might meet a listing. *Id.* Yet in suggesting this position, Ms. Lacey fails to indicate any particular listing to which she is referring. As stated above, the ALJ found Ms. Lacey's mental illness to be mild and determined she was not mentally retarded based on the testimony of Dr. Atkinson, other opinion evidence, and the lack of limitations applicable to Ms. Lacey. Therefore, this court finds no merit to this additional argument.

Lacey is not disabled within the meaning of the Social Security Act.

## <u>CONCLUSION</u>

Based on this court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence. Therefore, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

**DONE** and **ORDERED** this the 7th day of March, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge